Martin J.
delivered the opinion of the court. The plaintiff stated that he obtained a judgment in the state of Mississippi against one Elijah Havard for $454 38½ cents, on which a fi. fa. issued and was returned, no property of the defendant being found, and *102 afterwards the said Havard died ; that the present defendant, widow of said Elijah, after his death, removed into this state, bringing with her a negro woman named Sal, for the express purpose of defrauding the plaintiff; that she has no fixed place of residence ; that the negro woman Sal is the only part of Elijah Havard's estate known to the plaintiff who believes that the defendant will so conceal herself and the said negro woman Sal, that, in the ordinary course of proceedings, no judgment can be obtained against her, as the legal representative of her husband. Whereupon he prayed for an attachment against the estate of the deceased, that the defendant he decreed to pay the plaintiff's claim, and that Noel Wells be cited as a garnishee.
East'n District.
July, 1822.
Judgment, in other states, do not give any lien here, when their execution is not ordered by a judge of this.
The defendant pleaded the general issue, averring that the negro woman attached was her own property bona fide acquired by purchase in her own right, and is not liable to the debts of her husband; that she never attempted to conceal her, but she has possessed her openly and publicly for several years past, that the negro girl was brought into the state of Louisiana, in the summer of the year 1820, and has been detained in it by sickness.
*103 There was judgment for the defendant, and the plaintiff appealed.
The attorneys of the parties have certified that at the trial, David Havard was produced as a witness for the plaintiff, and objected to. He was sworn on his voire dire, and deposed that Elijah Havard, left no heir in the ascending or descending line, and the witness is his brother. The defendant's counsel prayed he might be set aside, as interested in the event of the suit, as one of the next of kin. The objection was overruled.
On his examination in chief he deposed that he sold the slave in the petition to his brother Elijah Havard, the defendant's husband, and executed a bill of sale.
It was admitted that in the state of Mississippi, there must be written evidence of the sale of a slave.
Elijah Havard died in the parish of St. Tammany, in this state.
Neither the plaintiff nor the defendant resides in this state.
No testamentary letter was exhibited.
The property attached had been in the possession of the defendant, for upwards of twelve months, before the inception of the *104 present suit, and was proven to have been seen in her possession in the state of Mississippi, as early as 1819. Her possession was open and public, and the plaintiff lived in the immediate neighbourhood.
J. W. Haymen deposed that his father wrote a bill of sale for Elijah Havard, and gave it to Noel Wells. He does not know for what purpose, nor what was the consideration.—At the time, he understood there was a law suit between the present plaintiff and E. Havard; he does not know that a judgment was obtained.
Elijah Havard and David Havard were at variance from the time of the execution of the bill of sale of the negro Sal.
To the best of the witness’s knowledge, the money with which said negro was purchased, belonged to Rachel Havard, and was the produce of her care and industry.
The bill of sale, executed by Elijah Havard to Noel Wells, was such conveyed a good title.
Wm. Powel deposed that after judgment was rendered, in favor of the present plaintiff against Elijah Havard, the latter said, in the presence of witness, that he would transfer *105 his property in such a way that the plaintiff could not recover any part of his judgment.
At the time of the rendition of the judgment, E. Havard had a negro woman called Sal, and had her in possession some time after.
After judgment was obtained, the witness travelled with Elijah Havard to Justice Haymen’s, where the said Havard told the witness, a transfer of all his property was to be made to Noel Wells, for the purpose of keeping the plaintiff from recovering the amount of his judgment.
The case has been submitted without any argument.
We are sorry to observe that the judgment does not contain a reference to any law, nor any of the reasons on which it is grounded.
This violation of the constitution imposes on us the obligation of reversing the judgment, and it is accordingly annulled, avoided and reversed, at the costs of the defendant and appellee.
Proceeding to examine the record, with the view of discovering what judgment the district judge ought to have pronounced, we cannot discern how the plaintiff’s case can be supported.
Preston for the plaintiff.
If he has a claim against the estate of the defendant's late husband, he ought to enforce it against his heir or representative. Nothing authorises the defendant to settle it. There is no evidence that she is his heir or representative. If the slave belong really to the estate, as neither the judgment nor the fi. fa. issued in the state of Mississippi gives a lien which the courts of this state can recognise, Civ. Code, 454, art. 12, the plaintiff must establish his claim contradictorily with the heir, or a curator, if the estate be vacant. If the slave be not part of the estate, our courts cannot order her sale for the payment of the plaintiff’s claim. If she be, the heir, to whom the title passed by the death of the ancestor, must be heard, before his property be acted upon.
It is therefore ordered, adjudged and decreed, that there be judgment for the defendant with costs in the district court.